

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS DISTRICT COUNCIL NO. 1 OF THE )
INTERNATIONAL UNION OF BRICKLAYERS )
AND ALLIED CRAFTWORKERS, AFL-CIO, )
                                                              )
                Plaintiff, )
                                                              )     No. 05 C 0325
v.                                                             )
                                                             )     Judge Robert W. Gettleman
ALAN NAGEL, )
                                                             )
                Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO, has brought a complaint against defendant Alan Nagel under § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, to enforce an arbitration award against him. Defendant has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the reasons set fourth below, the motion is denied.

## FACTS

On or around December 6, 2002, an entity identified as "Precast Autoclaved Aerated Concrete of America Masonry Systems, Inc." ("Precast Systems"), signed a short form collective bargaining agreement (the "CBA") with plaintiff. The CBA bound Precast Systems to the terms of the master collective bargaining agreements negotiated from time to time between plaintiff and various employment associations ("Association Agreement"). Article XII of the Association Agreement creates a grievance mechanism that culminates in the presentation of disputes before a joint arbitration board ("JAB").

According to the complaint, "Precast Systems" was not incorporated at the time it entered into the CBA. The individuals responsible for operating Precast Systems transacted business under that name and under a variety of similar names. The complaint alleges that defendant was one of the individuals involved in the operation of the Precast System entities.

Plaintiff alleges that business entities operating under the Precast Systems name failed to pay certain wages owed to employees working under the CBA and fringe benefit fund contributions on behalf of those employees. According to the complaint, in a letter dated August 17, 2004, plaintiff notified defendant and another unnamed individual of a claim that their relationship with Precast Systems made them personally liable for the remaining obligations under the CBA and that a hearing on this claim would be held before the JAB on September 1, 2004.

At the September 1 JAB hearing, plaintiff's representative appeared in support of plaintiff's claim. No one appeared on behalf of defendant. The JAB found that Precast Systems was not properly incorporated and that defendant and Robert C. Miller, who signed the CBA on behalf of Precast Systems, were owners and/or officers of the business or held themselves out as such and had attempted to hide their relationship with the business through the various name changes. Based on these findings, the JAB held defendant and Miller personally responsible for Precast Systems' unpaid obligations and held them jointly and severally liable in the amount of $10, 858.31. Defendant does not deny that he was served with the JAB award on October 1, 2004, and acknowledges that he made no attempt to vacate the arbitration award.

## DISCUSSION

Defendant argues that because he was not a party or signatory to the CBA, the JAB award is unenforceable against him. Therefore, defendant argues, this court lacks subject matter jurisdiction and/or the complaint fails to state a claim. Plaintiff responds that the 90-day statute of limitations bars defendant from raising validity and enforceability of the JAB award as a defense.

The LMRA does not identify a statute of limitations to apply to a challenge to an arbitration decision and, therefore, the statute of limitations for a comparable action in the forum state is applicable. Teamsters Local 579 v. B & M Transit, Inc., 882 F.2d 274, 276 (7th Cir. 1989). In Illinois, the appropriate time period for challenging an arbitration award is the 90-day limitations period prescribed by the Illinois Arbitration Act, 710 ILCS 5/12(b). See, Sullivan v. Gilchrist, 87 F.3d 867 (7th Cir. 1996), Sullivan v. Lemoncello, 36 F.3d 676, 681 (7th Cir. 1994).

As noted above, defendant does not deny that he was served with the JAB award and admits he made no attempt to vacate the award within the statutory period. Rather, defendant argues that the statute of limitations does not apply because the absence of a valid agreement between himself and plaintiff divests this court of subject matter jurisdiction over the lawsuit. See, International Union of Operating Engineers, Local 150, AFL-CIO v. Triad Construction Services, Inc., 1999 WL 759516 (N.D. Ill.).

Defendant's argument raises the question of whether the validity and enforceability of an arbitration agreement are facts that relate to subject matter jurisdiction or whether they relate to a failure to state a claim upon which relief can be granted. The distinction is of critical importance, because only if an issue relates to subject matter jurisdiction can it be raised at any time during

3

litigation, regardless of the normal limitations rules governing the presentation of issues. International Union of Operating Engineers, Local 150, AFL-CIO v. Rabine, 161 F.3d 427 at 3 (7th Cir., 1998). In the instant case, this means that if defendant's defenses are jurisdictional, he is entitled to raise them even though the statute of limitations has run. Id. If defendant's defenses are not jurisdictional, they are barred by the statute of limitations.

The issue of whether the existence of a valid contract relates to subject matter jurisdiction or failure to state a claim was addressed by the Seventh Circuit in Rabine. In that case, Gary Rabine, Jr. ("Gary Jr.") signed a CBA with a union in which he purported to be the owner-operator of Rabine Brothers. Rabine Brothers in fact was wholly owned by Gary Jr., had no employees, and thus did not qualify as an "employer" under the LMRA. Gary Rabine, Sr. ("Gary Sr.") owned a company named G. Rabine & Sons, Inc., ("Rabine & Sons") which did have some employees (including Gary Jr.), but which never signed an agreement with the union. When Gary Jr. failed to make payments to the union, it filed a grievance and arbitration proceeding against Rabine Brothers, which Gary Jr. ignored. The arbitrator issued an award against "the employer," without naming either Gary Jr. or Rabine Brothers specifically. When Gary Jr. ignored the award instead of paying or challenging it within the 90 day limitations period, the union filed suit against him, Rabine Brothers and Rabine & Sons. All the defendants challenged subject matter jurisdiction, arguing that the CBA was invalid at the outset because Rabine Brothers did not satisfy the statutory definition of "employer" with the capacity to enter into a CBA. The union countered that all defenses, including the jurisdictional defense, was barred by the passage of the 90 day limitations period. The union asserted that because Rabine & Sons was a successor to, alter ego of, or joint employer with Rabine Brothers, Rabine & Sons was also

liable. The district court rejected the union's argument, holding that because Rabine Brothers could not enter into a CBA, the agreement was void, leaving the court without subject matter jurisdiction under the LMRA. The union appealed the district court's rejection of its alter ego theory.

The Seventh Circuit affirmed the judgment with respect to Rabine & Sons, but reversed with respect to Rabine Brothers and Gary Rabine, Jr. In so doing, it noted the importance of determining whether the existence of a valid CBA was a jurisdictional prerequisite for actions to enforce arbitral awards under the LMRA, or whether the failure to allege the presence of a valid agreement fails to state a claim, and a plaintiff who fails to prove the agreement loses on the merits. Rabine, 161 F.3d at 430. In reaching its conclusion that the existence of a statutory "employer" does not deprive the court of jurisdiction to hear a claim to enforce an arbitral award, the Seventh Circuit examined the traditional standards for subject matter jurisdiction, quoting from Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (quoting Bell v. Hood, 327 U.S. 678, 685 (1946)):

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case . . . . Rather, the District Court has jurisdiction if 'the right of petitioners to recover under the complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another.'

Following "the guidance of Steel Co.," the Seventh Circuit held that "the absence of a statutory 'employer' does not deprive this court of jurisdiction to hear a claim to enforce an arbitral award. Rather, a complaint which fails to allege the presence of such an employer fails

5

to state a claim, and a plaintiff who fails to prove the presence of such an employer loses on the merits." Rabine, 161 F.3d at 430.

In Rabine, the union had alleged that Rabine Brothers was a statutory employer. It was wrong, but the fact that it was wrong did not divest the district court of jurisdiction to hear the case. Rabine, 161 F.3d at 430. Therefore, Gary Jr. and Rabine Brothers had waived their defense by failing to attempt to vacate the award. The court therefore reversed the district court as to Gary Jr. and Rabine Brothers, noting that "if there is an exception to the 90 day limitations period we have not encountered it in the past and we do not create one today. The rule is a simple one: If you receive notice of an adverse decision in a federal labor arbitration, challenge it within 90 days or expect to pay up." Id. at 434. With respect to Rabine & Sons, however, the court reached the merits because Rabine & Sons was not a party to the arbitration, did not receive notice of the arbitration award and was not subject to the 90 day limitations period. On the merits, the court concluded that there was no evidence to suggest that Rabine & Sons was connected in any way to Rabine Brothers. Therefore it affirmed the judgment in favor of Rabine & Sons.

In the instant case, unlike Rabine, plaintiff has pled the existence of a valid CBA between it and Precast Systems. It alleges that defendant is the alter ego or owner/operator of Precast Systems and responsible for its debt. Defendant allegedly was named in the arbitration proceeding and received notice of the award against it. He was not entitled, any more than was Gary Jr. in Rabine, to ignore those proceedings and collaterally attack the award by asserting lack of jurisdiction. Under Rabine, therefore, it is clear that this court has jurisdiction to enforce the

award and that, if plaintiff can prove the allegations mentioned above, defendant has waived any defenses on the merits.

Despite the obvious implications of Rabine, defendant nonetheless argues that the 90 day limitations period does not bar his defense. He relies on International Union of Operating Engineers, Local 150, AFL-CIO v. Triad Construction Services, Inc., 1999 WL 759516 (N.D. Ill.), in which a union sought to enforce an arbitration award against the defendant company. The company moved for summary judgment arguing that the person who signed the CBA on its behalf did not have authority to bind the company. The court agreed and entered summary judgment for the defendant. The union moved to reconsider, arguing for the first time that the defendants should have been barred from asserting the defense that there was no enforceable CBA, based on the 90 day statute of limitations. Magistrate Judge Schenkier disagreed, concluding that the undisputed facts demonstrated that in the case before him, unlike in Rabine, the defendant had never bound itself to the agreement and the union knew it at the time the agreement was signed.

Defendant argues that Triad stands for the proposition that a non-signatory to an agreement can challenge an award against him at any time. This court does not read Triad so broadly. Under traditional subject matter jurisdiction analysis, all Triad stands for is that the union did not have an arguable basis for jurisdiction because at the time it filed the complaint it knew there was no valid CBA, and could not in good faith so allege. To the extent that Triad does suggest the that existence of a valid CBA can be raised at any time, this court respectfully disagrees.

For the reasons set forth above, defendant's motion to dismiss is denied.

**ENTER:** **June 30, 2005**

                                                        **Robert W. Gettleman**
                                                        **United States District Judge**